■ In the Matter of BOND, SCHOENECK & KING, PLLC, Appellant, v NEW YORK DEPARTMENT OF ECONOMIC DEVELOPMENT, Also Known as EMPIRE STATE DEVELOPMENT, et al., Respondents. [974 NYS2d 295]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered November 23, 2011 in Albany County, which, among other things, partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, declare the retroactive decertification of petitioner as an empire zone business by respondent Empire Zone Designation Board to be unconstitutional.

Beginning in 2002, petitioner, a law firm, obtained certification as an empire zone business enterprise in four separate empire zones. Following amendments to the New York State Empire Zones Act (*see* General Municipal Law § 955 *et seq.*) in April 2009 (*see* L 2009, ch 57, § 1, part S-1, § 3), petitioner was notified by respondent Department of Economic Development that it was being decertified as an empire zone business enterprise pursuant to General Municipal Law § 959 (a) (v) (5) and 5 NYCRR 11.9 (c) (1) in all four empire zones effective January 1, 2008. An unsuccessful administrative appeal to respondent Empire Zone Designation Board ensued, and petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, insofar as is relevant here, a declaration that retroactive application of the 2009 statutory amendments was unconstitutional. Supreme Court dismissed the declaratory judgment action, finding that petitioner had an adequate remedy in the context of the CPLR article 78 proceeding, but annulled the Board's determination

and remitted the matter for reconsideration.* Petitioner now appeals.

Respondents concede that Supreme Court erred in dismissing petitioner's request for declaratory relief and acknowledge that, in light of the Court of Appeals' recent decision in *James Sq. Assoc. LP v Mullen* (21 NY3d 233 [2013]), the 2009 statutory amendments may not be applied retroactively (*id.* at 248-250). Accordingly, petitioner is entitled to a declaration that revocation of its Empire Zone Program certifications cannot be made retroactive to January 1, 2008 (*see Matter of Dannible & McKee, LLP v New York Dept. of Economic Dev.*, 110 AD3d 1166 [2013] [decided herewith]).

Peters, P.J., Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the action for declaratory judgment; petition granted to the extent that it is declared that the April 2009 amendments to General Municipal Law § 959 may not be applied retroactively to January 1, 2008; and, as so modified, affirmed.

---

* Upon remittal, the Board upheld petitioner's decertification, and petitioner thereafter commenced a separate combined CPLR article 78 proceeding and action for declaratory judgment seeking to, among other things, challenge the administrative determination. Supreme Court (Platkin, J.) dismissed the declaratory judgment action and denied the balance of the requested relief, prompting petitioner to appeal.